UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
MISC. CIVIL ACTION NO. 3:09MC152-RJC

| | |
|---|---|
| IN RE APPLICATION OF BLUE OIL ) <br> TRADING LTD., ) <br> ) <br> ) <br> In re Application for Order Pursuant to ) <br> 28 U.S.C. § 1782 ) <br> ) | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Blue Oil Trading Ltd.'s "Application for Discovery Pursuant to 28 U.S.C. § 1782" (document #1) filed on August 27, 2009 and "Speedway Motorsports, Inc.'s Opposition to Application for Discovery" (document #9) filed October 1, 2009.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B), and the subject application is now ripe for determination.

Having carefully reviewed the arguments, the record and the applicable authority, the Court will deny Blue Oil Trading Ltd.'s "Application for Discovery Pursuant to 28 U.S.C. § 1782" (document #1), as discussed below.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Blue Oil Trading Ltd. ("Blue Oil") seeks the discovery requested in its Application to defend against claims for over $6 million in a commercial action before the High Court of Justice in the United Kingdom. That case is captioned Speedway Motorsports, Inc. et al. v. Blue Oil Trading Ltd, Folio No. 2007/1644 (the "UK Litigation"), and is brought by Speedway Motorsports, Inc. ("SMI") and Oasis Trading Group, LLC ("Oasis") (collectively, "Plaintiffs"). In the UK Litigation, Plaintiffs allege, inter alia, that Blue Oil and other entities breached a memorandum of understanding ("MOU") and other agreements between the parties by failing to pay Plaintiffs their proper share of profits generated by the parties' oil trading and distribution business in Guatemala. Blue Oil has counterclaimed that Plaintiffs owe Blue Oil and its affiliates up to approximately $4.6 million.

1

Blue Oil seeks to serve PricewaterhouseCoopers LLP ("PWC") with a subpoena duces tecum and to take depositions, arguing that documents and testimony from PWC, a non-party to the UK Litigation who are based in this judicial district, are directly relevant to the claims and counterclaims in the UK Litigation. Blue Oil contends that PWC was SMI's auditor at the end of the period during which the parties' business was operating and would have direct knowledge of, and documents concerning SMI's contemporaneous communications concerning the business; its understanding of the proper allocations of profits and losses between the parties; and other payments made by SMI in connection with the business.

## II. DISCUSSION

A party to a lawsuit may obtain discovery from a non-party who resides outside the district of the suit by issuing a subpoena from the court in which the documents are to be produced or the deposition is to be taken. Fed. R. Civ. P. 34, 45(a)(2)-(3). When the underlying litigation is outside the United States, the party seeking discovery must make an application to the court pursuant to 28 U.S.C. § 1782 for an order to conduct discovery before issuing a subpoena under Rule 45.

An applicant must satisfy three threshold requirements before a court can compel discovery under § 1782: (1) the person from whom discovery is sought must reside in the district; (2) the discovery must be for use in a proceeding before a foreign tribunal; and (3) the application should be made either by a foreign tribunal or any interested person. Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 264 (2004). The court may then exercise its discretion to determine if discovery should be granted, and if so, what the limits of that discovery should be. Id.

In the instant application, the first element is met since discovery is being sought from PWC, that maintains an office in Charlotte, North Carolina, and is therefore physically present in this judicial district for purposes of § 1782. The second element is met in that the discovery is specifically for use in the UK Litigation, which is a currently pending proceeding in a foreign tribunal

under § 1782(a). In re Clerici, 481 F.3d 1324, 1332-1333 (11th Cir. 2007); see also Intel Corp., 542 U.S. at 257-58 (2004). The third element, which requires that the applicant be an "interested person" is satisfied if the applicant is an actual party before the foreign tribunal. In re Lancaster Factoring Co., Ltd., 90 F.3d 38, 42 (2d Cir. 1996) ("interested person" includes a party to foreign proceeding); In re Request for Assistance from Ministry of Legal Affairs of Trinidad and Tobago, 848 F.2d 1151, 1155 (11th Cir. 1988). Blue Oil is a Defendant and has appeared in the UK Litigation before the High Court of Justice and as such is an "interested person" for purposes of § 1782(a).

Because Blue Oil has satisfied all the statutory elements of § 1782, this Court has jurisdiction to order the relief requested. However, the Supreme Court has emphasized that "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." Intel Corp., 542 U.S. at 264. The Supreme Court has identified several non-exclusive factors that a district court may take into account in deciding whether to grant an application under § 1782: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding [in which case] the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad"; (2) the "nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the discovery requests should be scaled back to avoid undue burden. Id. at 264-65.

In the instant application, the Court finds that the discovery requests are overly broad and impose an undue burden on PWC. The Court disagrees with Blue Oil that the application is

3

narrowly tailored to seek only documents and deposition topics that are relevant to Blue Oil's defenses and counterclaims in the UK Litigation. Several of the document requests and deposition topics are unlimited in time which would require PWC to supply information that does not encompass the period relevant to the UK Litigation. Furthermore, several of the document requests and deposition topics seek information that is general in nature and not focused specifically on the UK Litigation. Finally, the document requests and deposition topics are so broad that they seek disclosure of confidential commercial information that is protected under Rule 45. Fed. R. Civ. P. 45(c)(3)(B)(i).

Therefore, the Court finds that the application should be denied in its current form. However, given the fact that the Court has jurisdiction under § 1782, Blue Oil may amend their application by narrowing the scope of the document requests and deposition topics to focus solely on the information that is relevant to the UK Litigation. It should be noted that if Blue Oil chooses to amend its application, such application should be served on SMI and the other parties to the UK Litigation, as well as to the proposed deponent, PWC.

### III. ORDER

**NOW, THEREFORE, IT IS ORDERED:**

1. Blue Oil Trading Ltd.'s "Application for Discovery Pursuant to 28 U.S.C. § 1782" (document #1) is **DENIED WITHOUT PREJUDICE** to amend such application as stated above.

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the Petitioner and to counsel for Speedway Motorsports, Inc.; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED.**

Signed: October 5, 2009

David S. Cayer
United States Magistrate Judge